UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH CARTER,

    Plaintiff,

v.                                                                           Case No:   6:13-cv-931-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

    Plaintiff Joseph Carter appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI"). He contends that the administrative law judge ("ALJ") failed to apply the proper legal standards to consulting physician Dr. Alex C. Perdomo's medical opinion and thus failed to give a complete hypothetical to the vocational expert ("VE") who testified at the administrative hearing. For the reasons that follow, I respectfully recommend the Court reverse and remand the Commissioner's final decision.

### Background

    Plaintiff was born in 1958 and has an eleventh grade education. (Tr. 33, 34). At the time of his administrative hearing, he had no relevant past work history. (Tr. 20). On July 29, 2010, Plaintiff applied for disability insurance benefits ("DIB") and SSI, alleging disability beginning on November 9, 2006. (Tr. 146-151). His application was denied initially and upon reconsideration. (Tr. 76-78, 81-83). On August 5, 2010, he made another application for DIB and SSI. (Tr. 152-58). This claim was also denied

initially and upon reconsideration. (Tr. 87-94, 98-102). Plaintiff requested a hearing, which was held on November 11, 2011. (Tr. 30-52). At the hearing, Plaintiff amended his alleged onset date to February 9, 2009. (Tr. 10). Plaintiff was last eligible for DIB on June 30, 2008. Therefore, Plaintiff withdrew his application for DIB, and that claim was dismissed by the ALJ. (Tr. 20 and 32). The hearing proceeded on Plaintiff's claim for SSI. (Tr. 29-51). Plaintiff and the VE testified at the hearing. (Id.). On January 9, 2012, the ALJ issued her decision finding Plaintiff not disabled at any time through the date of her decision. (Tr. 6-22).

Pursuant to 29 C.F.R. § 416.920(c), the ALJ found Plaintiff's severe impairments consisted of degenerative disk disease of the lumbar and cervical spine; degenerative joint disease of the knees; obesity; pes planus; hypertension; and non-obstructive coronary artery disease. (Tr. 12). The ALJ decided that Plaintiff's impairments did not meet or medically equal any of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). (Tr. 14).

Despite his impairments, the ALJ found that Plaintiff still had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except the claimant can stand and/or walk only 4 hours in an 8-hour workday and requires the opportunity to change positions every hour for 10 minutes while on task; he can sit 6 hours in an 8-hour workday; he can never climb ladders, ropes, or scaffolds, kneel or crawl; he occasionally reach [sic] overhead with the left upper extremity and never reach overhead with the right upper extremity; and he can occasionally climb stairs, crouch, balance, or stoop." (Tr. 14). Then, based upon the VE's testimony, the ALJ determined that Plaintiff could perform work as a cashier, booth and toll collector, cashier. (Tr. 21). Plaintiff filed a request that the Appeals Council review the ALJ's decision. (Tr. 5). That

request was denied on April 9, 2013. (Tr. 1-5). Plaintiff has exhausted his administrative remedies and timely instituted this action.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applies the law or fails to provide sufficient reasoning for the Court to determine whether

the ALJ properly applied the law. Keeton v. Dep't of Health & Human Serv's, 21 F.3d 1064, 1066 (11th Cir. 1992). When it reviews the Commissioner's final decision, the Court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

## Discussion

In considering the opinion of a consultative examiner, the ALJ is required to consider and weigh the medical source in its entirety, in accordance with 20 C.F.R. §§ 404.1527(c) and 416.927(c). 20 C.F.R. §§ 404.1527(c); 416.927(c); see e.g., Webster v. Barnhart, 343 F. Supp. 2d 1085, 1093 (N.D. Ala. 2004) (remanding, in part, because "[t]he ALJ failed to include the entire opinion of [the] consultant [physician] which specifically stated plaintiff's ability to lift, carry, and manipulate small objects."). In connection with his claim for benefits, Plaintiff saw consulting physician Dr. Alex C. Perdomo on April 23, 2009. (Tr. 317-320). Dr. Perdomo opined that Plaintiff could:

> … stand and walk for six hours in an eight-hour workday with normal breaks. He can frequently lift and carry, but should limit the weight lifting to no more than 40 pounds to minimize the mechanical weight bearing injury on his knees. He should also avoid repetitive squatting or kneeling. He did not require an assistive device for ambulation and no manipulative limitations were seen.

On March 27, 2010, Plaintiff was in a motor vehicle accident. (Tr. 412-414). He was diagnosed with a lumbar spine sprain and strain, and a herniated disc at L3 through L5 and L5-S1. (Id.). Dr. Perdomo saw Plaintiff for a second consultative evaluation on September 24, 2010 (i.e., after the accident). (Tr. 514-517). Based upon this examination, the doctor found that Plaintiff could:

> … stand, walk, and sit for 4 hours in an eight-hour workday with normal breaks. He can occasionally lift and carry, but should limit the weight lifting to no more than 20 pounds. He should also avoid bending, stooping, or crouching. This is due to the chronic lower back pain and

>the moderate musculoskeletal functional limitations found on physical examination today.

(Tr. 516).

The ALJ gave "significant weight" to Dr. Perdomo's opinions because the ALJ said they were consistent with the medical evidence of record as a whole, supported by findings and examinations, and Dr. Perdomo considered Plaintiff's medical history along with his own observations. (Tr. 19). However, in formulating Plaintiff's RFC, the ALJ concluded that Plaintiff could sit for 6 hours. Her conclusion that Plaintiff could sit for 6 hours is inconsistent with Dr. Perdomo's second opinion. The ALJ failed to address this inconsistency in her decision. It appears that the ALJ based this part of Plaintiff's RFC on the opinions of state agency doctors Loc Kim Le and Robert Steele.[1] Dr. Le and Dr. Steele both opined that Plaintiff could sit, stand, or walk for 6 hours in an 8-hour workday. But, the ALJ never said she rejected any part of Dr. Perdomo's opinion.

The ALJ must explain with particularity the weight she gives different medical opinions. Id.; see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987); McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006); Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). "Therefore, when the ALJ fails to state 'with sufficient clarity' the grounds for his evidentiary decisions, [the Court] will not affirm 'simply because some rationale might have supported the ALJ's conclusion,'" and [will] instead remand 'for

---

[1] Plaintiff bases a large portion of his argument on a statement he attributes to the ALJ, which reads, in part: "The consultative conclusion indicates that sitting is limited to 4 hours in an eight hour period, but this degree of limitation is not supported." (Doc. 21 at 12). Plaintiff cites to the transcript at page 22. This statement cannot be found anywhere in the ALJ's decision.

- 5 -

further findings at the administrative hearing level." Dempsey v. Comm'r of Soc. Sec., 454 F. App'x 729, 732 (11th Cir. 2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1514-16 (11th Cir. 1984)).

Here, the ALJ rejected part of Dr. Perdomo's most recent opinion without providing the reasoning underlying her decision, and the Court cannot speculate about how the ALJ came to this conclusion. Kahle v. Comm'r of Soc. Sec., 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (quoting Monte v. Astrue, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720 at *6 (M.D. Fla. Jan. 28, 2009)). Therefore, I find that the ALJ did not support her decision with substantial evidence and respectfully recommend the Court remand on this ground.

Plaintiff's remaining arguments focus on the ALJ's alleged errors in (a) failing to recontact Dr. Perdomo and (b) failing to present a proper hypothetical to the VE. Because remand is required on the first issue raised by Plaintiff, it is unnecessary to consider these additional objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

     3.   Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2014.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record